United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARCO ANTONIO VALENCIA,<br><br>　　　　　Defendant. | Case No.: CR 14-70008-MAG<br><br>ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING |

**I.  BACKGROUND**

On July 8, 2010, Marco Antonio Valencia was sentenced to 50 months in custody and three years of supervised release for possession with intent to distribute a listed chemical, a Class C felony. Defendant has been on supervised release since July 15, 2013. On December 23, 2013, Defendant's probation officer filed a petition alleging that Defendant had violated a mandatory condition of his supervised release, namely, the mandatory condition that Defendant not commit another federal, state, or local crime during the term of his supervised release. In the petition, the probation officer specifically alleged that Defendant was arrested on December 19, 2013 for violating California Health and Safety Code sections 11377 (unlawful possession of restricted dangerous drug), 11350 (possession of narcotic drugs), and 11357 (possession of marijuana). On December 24, 2013, the District Judge found probable cause and issued a warrant for Defendant's arrest.

Defendant was arrested, and on January 6, 2014, the court held a hearing on the Government's motion to detain Defendant pending his supervised release violation hearing. Defendant was present, in custody, and represented by Assistant Federal Public Defender Edward Smock. Special Assistant United States Attorney Amanda Beck appeared on behalf of the

Government. Probation Officer Alexandre Bonneville was also present. For the reasons stated below, the court orders that Defendant be detained.

## II. LEGAL ANALYSIS

Defendant's sentence for possession with intent to distribute a listed chemical included a three year term of supervised release. In so ordering, the court imposed the mandatory condition that Defendant not commit another federal, state, or local crime during the term of his supervised release.

Because Defendant is charged with a supervised release violation, Defendant bears the burden of establishing that he is not a flight risk or a danger to the community by clear and convincing evidence. FED. R. CRIM. P. 32.1(a)(6); 18 U.S.C. § 3143. Further, this is a mandatory revocation case. 18 U.S.C. § 3583(g).

In the instant Form 12, the probation officer alleges that the California Highway Patrol ("CHP") observed a red Honda Civic travelling at a high rate of speed. CHP officers stopped the vehicle, which was operated by Defendant. The officers could smell alcohol and marijuana emanating from the vehicle. When the officers performed a pat down search of Defendant's person, the officers could feel a tube-like container in Defendant's pocket. Defendant removed the clear container, and the officers could see a green, leafy substance. Defendant admitted that it was marijuana. The officers also discovered methamphetamine and cocaine in the container. Defendant was placed under arrest.

Defendant requests that he be released to a halfway house. He argues that this incident may be appropriately characterized as a drug relapse, and consequently, a halfway house is preferable to detention. The Government, however, persuasively argues that detention is appropriate in this case. The statements Defendant made at the time of his arrest tend to establish that the drugs in his possession may not have been for personal use, undermining the position that the incident may be appropriately characterized as a drug relapse. According to United States Probation, at the time of Defendant's arrest, Defendant denied that the drugs were his, but admitted that he was transporting them for a third party. In addition, the Government indicates that Defendant had been previously living with his sister, who is no longer willing to house

Defendant. Defendant thus has no current release address. Moreover, while defense counsel argues that the decision by Defendant's wife, denying him permission to visit his son, is the source of the anxiety which has driven Defendant to resume drug use, the court finds it is more likely that Defendant's conduct is the reason for his wife's decision. The Government proffered that Defendant has a long criminal history involving fraud, narcotics, and other crimes. The court also notes that despite the relatively recent commencement of Defendant's supervised release (5 months ago), he has already tested positive for methamphetamine and been arrested for possession of controlled substances, including methamphetamine, cocaine, and marijuana.

In light of the above, and having considered the proffers by the parties and the probation officer, and the arguments of counsel, the court finds that Defendant has not shown by clear and convincing evidence that he is not a risk of flight or a danger to the community.

Therefore, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: January 7, 2014

KANDIS A. WESTMORE
United States Magistrate Judge